**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| AMBIPAR EMERGENCY RESPONSE, | Case No. 25-90524 (ARP) |
| Debtor.[1] | |

**SCHEDULES OF ASSETS AND LIABILITIES FOR**
**AMBIPAR EMERGENCY RESPONSE (CASE NO. 25-90524 (ARP))**

---

[1]     The last four digits of the Debtor's taxpayer identification number are 0263. The Debtor's address is 2346 Avenida Angelica, 5th Floor, São Paulo, SP, 01228-200, Brazil.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMBIPAR EMERGENCY RESPONSE, | ) | Case No. 25-90524 (ARP) |
| | ) | |
| Debtor.[1] | ) | |
| | ) | |

## GLOBAL NOTES AND STATEMENTS OF
## LIMITATIONS, METHODOLOGY, AND DISCLAIMERS
## REGARDING THE DEBTOR'S SCHEDULES OF ASSETS
## AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Ambipar Emergency Response, the above-captioned debtor and debtor in possession (the "Debtor")[2] is filing its Schedules of Assets and Liabilities (each, a "Schedule" and, collectively, the "Schedules") and Statements of Financial Affairs (each, a "Statement" and, collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") with the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code"), rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 1007-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules").

These global notes and statements of limitations, methodology, and disclaimers regarding the Schedules and Statements (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements, and should be referred to, and referenced in connection with, any review of the Schedules and Statements.[3]

The Debtor has historically prepared consolidated quarterly and annual financial statements in accordance with the International Financial Reporting Standards ("IFRS") issued by the International Accounting Standards Board. The Schedules and Statements are unaudited and reflect the Debtor's reasonable efforts to report certain financial information on a standalone, unconsolidated basis. The financial information contained in the Schedules and Statements is

---

[1]   The last four digits of the Debtor's taxpayer identification number are 0623. The Debtor's address is P.O. Box 10008, Willow House, Cricket Square, Grand Cayman, KY1-1001, Cayman Islands.

[2]   Further information about the Debtor, including factual background regarding its business, capital structure, and debt obligations, and the events leading to the filing of this chapter 11 case, is set forth in the *Amended Declaration of Thiago da Costa Silva in Support of Chapter 11 Petition* [Docket No. 15] (the "First Day Declaration"). Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

[3]   These Global Notes supplement, and are in addition to, any specific notes contained in the Debtor's Schedules and Statements.

limited in scope, covers a limited time period, has been prepared solely for the purpose of the Debtor's compliance with disclosure obligations in chapter 11, and is presented on a preliminary and unaudited basis. As such, the Schedules and Statements have not been subject to procedures that would typically be applied to financial statements prepared in accordance with IFRS, generally accepted accounting principles utilized in the United States of America ("GAAP"), or any other accounting standards, nor do the Schedules and Statements include all of the information and notes required by any such accounting standards. Upon the application of such standards, the financial information could be subject to changes, which could be material. These Schedules and Statements neither purport to represent financial statements prepared in accordance with IFRS or GAAP, nor are they intended to be fully reconciled with the financial statements of the Debtor.

The Debtor has prepared the Schedules and Statements using the best information presently available, which has been collected, maintained, and prepared in accordance with their historical accounting practices, but which has not been adjusted, audited, or reconciled as information presented in the Debtor's consolidated financial statements is adjusted, audited, or reconciled. The Schedules and Statements generally reflect operations and financial information of the Debtor in a form not maintained by the Debtor in the ordinary course of their business and are not intended to reconcile to the consolidated financial statements prepared by the Debtor. Accordingly, the amounts set forth in the Schedules and Statements may materially differ from the Debtor's historical consolidated financial statements. Because the Debtor's accounting systems, policies, and practices were developed to produce consolidated financial statements, rather than financial statements by legal entity, it is possible that not all assets, liabilities, income, or expenses have been recorded.

The Debtor is a subsidiary of Ambipar Participações e Empreendimentos S.A. ("Ambipar Topco," collectively with its direct and indirect subsidiaries, the "Ambipar Group"). Ambipar Topco and certain of its subsidiaries (including the Debtor) are party to restructuring proceedings in Brazil (the "RJ Proceedings"). On October 30, 2025, the Brazilian Court entered an order (the "Consolidation Order") in the "RJ Proceedings" substantively consolidating the Debtor with the other "RJ Parties" (each as defined in the First Day Declaration). The Consolidation Order, as well as the scope of relief granted thereunder, is subject to challenge and appeal by certain parties to the RJ Proceedings. The Debtor has prepared its Schedules and Statements on the basis that it has not been consolidated with the other RJ Parties.

In preparing the Schedules and Statements, the Debtor relied on financial and other data derived from its books and records that was available at the time of such preparation. Although the Debtor has made commercially reasonable efforts to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, errors or omissions may exist. Accordingly, the Debtor and its directors, managers, officers, agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein or the Schedules and Statements. In no event shall the Debtor or its directors, managers, officers, agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a

potential claim against the Debtor or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtor or its directors, managers, officers, agents, attorneys, and financial advisors are advised of the possibility of such damages.

The Schedules and Statements have been signed by Thiago da Costa Silva, a director of the Debtor.  In reviewing and signing the Schedules and Statements, Mr. da Costa Silva has relied upon the efforts, statements, advice, and representations of personnel of the Debtor and its affiliates, and their respective advisors and other professionals.  Given the scale of the global business operated by the Debtor and its consolidated affiliates, Mr. da Costa Silva has not (and, practically, could not have) personally verified the accuracy of each statement and representation in the Schedules and Statements, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and creditors' addresses.

Any audit, any future analysis of the information contained in the Schedules and Statements (or the data there underlying), or subsequent receipt of any information may result in material changes in information requiring amendment of the Schedules and Statements. Accordingly, the Schedules and Statements remain subject to further review and verification by the Debtor.  The Debtor reserves the right to amend, modify, or supplement the Schedules and Statements from time to time as may be necessary or appropriate; provided that the Debtor, its agents, and its advisors expressly do not undertake any obligation to amend, modify, or supplement the information provided herein or to notify any third party should the information be amended, modified, or supplemented in any way, except to the extent required by applicable law.

The Schedules and Statements should not be relied upon by any persons for information relating to current or future financial condition, events, or performance of the Debtor or its affiliates, as the information (including results of operations) contained therein are not necessarily indicative of results which may be expected from any other period or for the full year, and may not necessarily reflect the combined results of operations, financial position, and schedule of receipts and disbursements in the future.

## **Global Notes and Overview of Methodology**

1.      **Description of the Debtor's Chapter 11 Case**.  The Debtor commenced its voluntary cases under chapter 11 of the Bankruptcy Code on October 20, 2025 (the "Petition Date"). The Debtor is managing its assets as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in this chapter 11 case.  The information provided herein, except as otherwise noted, represents the data of the Debtor as of the Petition Date.

2.      **Global Notes Control**.  In the event that any portion of the Schedules or Statements differs from any portion of the Global Notes, the Global Notes shall control.  Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

3.      **Reservation of Rights**.  Commercially reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, errors or

omissions may exist.  The Debtor reserves all rights to amend, modify, or supplement the Schedules and Statements as may be necessary or appropriate but do not undertake any obligation to do so, except as required by applicable law.  Nothing contained in the Schedules, Statements, or Global Notes shall constitute a waiver of rights, including, but not limited to, any rights or claims of the Debtor against any third party or issues involving substantive consolidation, defenses, statutory or equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws (including Brazilian law) to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

a. **No Admission**.  Nothing contained in the Schedules and Statements is intended as, or should be construed as, an admission or stipulation of the validity of any claim against any Debtor, any assertion made therein or herein, or a waiver of any of the Debtor's rights to dispute any claim or assert any cause of action or defense against any party.

b. **Claims Listing and Descriptions**.  The listing of a claim does not constitute an admission of liability by the Debtor, and the Debtor reserves the right to amend the Schedules and Statements accordingly.  Any failure to designate a claim set forth on the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated."  The Debtor reserves the right to dispute and to assert setoff rights, counterclaims, and defenses to any claim reflected on the Schedules and Statements on any grounds, including, but not limited to, amount, liability, priority, status, and classification, and to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

c. **Recharacterization**.  The Debtor has made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements.  Nevertheless, the Debtor may not have accurately characterized, classified, categorized, or designated certain items and/or may have omitted certain items.  Accordingly, the Debtor reserves all of its rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or leases included in the Schedules and Statements were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

d. **Classifications**.  The (i) listing of a claim in the Schedules of Liabilities D as "secured," "unsecured," "priority," "unsecured priority," or "unsecured nonpriority" or (iii) listing of a contract or lease on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtor of the legal rights of the claimant or contract counterparty, or a waiver of the Debtor's rights to recharacterize or reclassify such claim or contract pursuant to a schedule

amendment, claim objection or otherwise.  Except as provided in an order of the Bankruptcy Court or the Brazilian Court, the Debtor reserves all rights to dispute and challenge the nature, priority, or amount of any creditor's claims or the characterization of the structure of any transaction, or any document or instrument related to any creditor's claim.

e.  **Estimates and Assumptions**.  To prepare these Schedules and Statements and report information on a legal entity basis, the Debtor was required to make certain reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities and the amount of contingent assets and contingent liabilities as of the Petition Date.  The reported amounts of revenue are as of the latest available month-end close, which is October 31, 2025, as a proxy for the Petition Date, but actual results could differ from such estimates. Additionally, payments received post-petition are not reflected in the Schedules and Statements. The Debtor reserves all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

f.  **Causes of Action**.  Despite reasonable efforts, the Debtor may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws (including Brazilian law) to recover assets.  The Debtor reserves all rights with respect to any claim, controversy, demand, right, action, suit, obligation, liability, debt, account, defense, offset, power, privilege, license, lien, indemnity, guaranty, interest, damage, remedy, cause of action, proceeding, agreement, or franchise of any kind or character whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, contingent or non-contingent, liquidated or unliquidated, secured or unsecured, assertable, directly or derivatively, matured or unmatured, suspected or unsuspected, whether arising before, on, or after the Petition Date, in contract, in tort, at law, in equity, or otherwise.  Causes of action also include: (i) all rights of setoff, counterclaim, or recoupment and claims under contracts or for breaches of duties imposed by law or in equity; (ii) any claim based on or relating to, or in any manner arising from, in whole or in part, tort, breach of contract, breach of fiduciary duty, violation of local, state, federal, or foreign law (including Brazilian law), or breach of any duty imposed by law or in equity, including, without limitation, securities laws, negligence, and gross negligence; (iii) the right to object to or otherwise contest claims or interests; (iv) claims pursuant to sections 362 or chapter 5 of the Bankruptcy Code; (v) such claims and defenses as fraud, mistake, duress, and usury, and any other defenses set forth in section 558 of the Bankruptcy Code; and (vi) any avoidance actions arising under chapter 5 of the Bankruptcy Code or under similar local, state, federal, or foreign statutes and common law, including, without limitation, Brazilian law and fraudulent transfer laws, and neither the Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of action, or avoidance actions, or in any way prejudice or impair the assertion of such claims or causes of action.

g.  **Intellectual Property Rights**.  The Debtor does not own intellectual property but may use intellectual property owned or licensed by Ambipar Group, which is not included on the Schedules and Statements.  Exclusion of such intellectual property shall not be construed to be an admission that any such intellectual property rights attributable to the Debtor have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  The Debtor reserves all of its rights with respect to the legal status of any and all intellectual property rights.

h.  **Insiders**.  The Debtor has attempted to include all payments made on or within twelve months before the Petition Date to any individual (and their relatives) or entity who, in the Debtor's good faith belief, may be deemed an "insider" within the meaning of such term in the Bankruptcy Code.  An individual or entity is designated as an "insider" for the purposes of the Schedules and Statements if such individual or entity, based on the totality of the circumstances, has at least a controlling interest in, or exercises sufficient authority over, the Debtor so as to dictate corporate policy and the disposition of corporate assets.  The Debtor has also considered the requirements of IFRS and other reporting standards and their public disclosures with respect to designating certain individuals and entities as "insiders" herein.

The only individual insider to whom the Debtor has made any payment in the twelve months before the Petition Date is one member of the Debtor's board of directors, as reflected in Statements Question 4.  While Statements Question 4 reflects multiple payments to such individual on the same date, those payments are not duplicative and reflect amounts owed and unpaid for prior months of service as a director.

Prior to the Petition Date, all other directors and officers of the Debtor serve in such capacities in connection with their employment by the Debtor's non-Debtor affiliates.  While such individuals may have been compensated in connection with their employment by the Debtor's non-Debtor affiliates, neither the Debtor nor any other party on behalf of the Debtor compensated such individuals for their service as directors or officers, as the case may be, of the Debtor.

The inclusion or omission of a party as an "insider" for the purposes of the Schedules and Statements is for informational purposes and is not intended to be nor should be construed as an admission that those parties are insiders within the meaning of section 101(31) of the Bankruptcy Code.  Information regarding the individuals or entities included as insiders in the Schedules and Statements may not be used for:  (i) the purposes of determining (a) control of the Debtor; (b) the extent to which any individual or entity exercised management responsibilities or functions; (c) corporate decision-making authority over the Debtor; or (d) whether such individual or entity (or the Debtor) could successfully argue that they are not an insider under applicable law, including the Bankruptcy Code and other governing laws, or with respect to any theories of liability or (ii) any other purpose. The Debtor reserves all rights with respect thereto.

4. **Methodology**.

a. **Basis of Presentation**. For financial reporting purposes, the Debtor and its affiliates have historically prepared consolidated financial statements in accordance with the IFRS but, for the purpose of reporting its Schedules and Statements, have provided financial information for the Debtor entity. Accordingly, the assets and liabilities set forth in the Schedules and Statements may be substantially different from financial information that would be prepared on a consolidated basis under IFRS. Therefore, these Schedules and Statements neither purport to represent financial statements prepared in accordance with IFRS nor are they intended to reconcile fully to the financial statements prepared by the Debtor and its affiliates. Unlike the consolidated financial statements, these Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of just the Debtor. Information contained in the Schedules and Statements has been derived from the Debtor's books and records and historical financial statements.

However, due to limitations within the Debtor's accounting systems, it is possible that not all assets, liabilities, or amounts of cash disbursements have been recorded on the Schedules and Statements and assets, liabilities, or cash disbursements may have been omitted from the Schedules and Statements. Accordingly, the Debtor reserves all rights to amend, modify, and/or supplement the Schedules and Statements in these regards, and in any case, the actual terms governing ownership of assets, obligations under liabilities, and amounts of cash disbursements govern the assets, liabilities, disbursements, and other transactions included in the Schedules and Statements.

Given, among other things, the uncertainty surrounding the collection, ownership, and valuation of certain assets and the amount and nature of certain liabilities, the Debtor's report of assets and liabilities shall not constitute an admission that the Debtor was solvent or insolvent on the Petition Date or at any time prior to or after the Petition Date. For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the Debtor's enterprise value. The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.

b. **Reporting Date**. Unless otherwise noted, the Schedules and Statements generally reflect the Debtor's books and records as of close of business on the Petition Date.

c. **Confidential or Sensitive Information**. There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to concerns about the privacy of certain parties (*e.g.*, names, home addresses, etc.). The alterations will be limited to only what is necessary to protect the Debtor or the applicable third party. The Debtor is authorized or required to redact certain information from the public record pursuant to orders of the Bankruptcy Court

authorizing the Debtor to redact, seal, or otherwise protect such information from public disclosure.[4]

d.   **Intercompany Balances**.  Receivables owed to the Debtor by certain of its non-Debtor affiliates are reported on Schedule A/B, per the Debtor's unaudited books and records.

The listing of any amounts with respect to such receivables is not, and should not be construed as, an admission or conclusion regarding the amount, allowance, classification, validity, or priority of such account or characterization of such balances as debt, equity, or otherwise.  For the avoidance of doubt, the Debtor reserves all rights, claims, and defenses in connection with any and all intercompany balances, including, but not limited to, with respect to the characterization of intercompany claims, loans, and notes.

e.   **Duplication**.  Certain of the Debtor's assets, liabilities, prepetition payments, and executory contracts may properly be disclosed in response to multiple parts of the Schedules and Statements.  To the extent these disclosures would be duplicative, the Debtor has determined in certain instances to only list such assets, liabilities, and prepetition payments once.  In other instances, the same assets, liabilities, prepetition payments, and executory contracts or unexpired leases inadvertently may be listed more than once.

f.   **Net Book Value of Assets**.  In many instances, current market valuations are not maintained by or readily available to the Debtor.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtor to obtain current market valuations for all assets.  As such, unless otherwise indicated, net book values as of October 20, 2025, are presented for all assets. When necessary, the Debtor has indicated that the value of certain assets is "unknown" or "undetermined."  The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount. Amounts ultimately realized may vary materially from net book value (or other value so ascribed).  Accordingly, the Debtor reserves all rights to amend, modify, or supplement the asset values set forth in the Schedules and Statements.  Assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are set forth with a zero-dollar value, as such assets have no net book value.  The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtor with respect to such asset.  Nothing in the Debtor's Schedules and Statements shall be, or shall be deemed to be, an admission that the Debtor was

---

[4]   *See, Order (I) Extending Time to File (A) Schedules of Assets and Liabilities and Schedules of Executory Contracts and Unexpired Leases, and (B) Statement of Financial Affairs, (II) Modifying Requirement to File List of Equity Security Holders, (III) Extending Time to File, and Modifying Frequency of, Reports Under Bankruptcy Rule 2015-3, (IV) Authorizing Redaction of Certain Personally Identifiable Information of Natural Persons, and (V) Granting Related Relief* [Docket No. 70].

solvent or insolvent as of the Petition Date or any time prior to, or after, the Petition Date.

g.   **Language Translation**.   The Debtor conducts business in multiple languages. Solely for the purpose of preparing the Schedules and Statements, and in an effort to promote English-language legibility of certain disclosures, the Debtor has translated certain parties' names, certain terms, conditions, and descriptions of documents or transactions, and certain other terms.   Such translations are provided for illustrative purposes only and may contain errors or omissions.   In any case, the original-language names, terms, and conditions of any transaction described in the Schedules and Statements govern such transaction in all respects.

h.   **Currency and Foreign Currency Conversion**.   All amounts shown in the Schedules and Statements are in U.S. Dollars, unless otherwise indicated.   The Debtor conducts business in multiple currencies.   Solely for the purpose of preparing the Schedules and Statements, non-U.S. currency amounts have been translated using publicly available prevailing foreign-exchange rates corresponding to the respective reporting periods, consistent with the Debtor's historical closing and consolidation process.   Such translations are provided for illustrative purposes only and may differ materially from both current market values and market values at the time of the transactions described in the Schedules and Statements.   Due to the fluctuations in exchange rates, the individual translation of specific accounts may not perfectly "balance" or "tie" to other amounts set forth in the Schedules and Statements.   In any case, the original currency of any transaction described in the Schedules and Statements shall control.

i.   **Allocation of Liabilities**.   The Debtor, in consultation with its advisors and Ambipar Topco's advisors, have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.   As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtor reserves the right to amend, modify, and/or supplement the Schedules and Statements as it deems appropriate in this regard.

j.   **Totals**.   All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements and exclude items identified as "unknown" or "undetermined."   If there are unknown or undetermined amounts, the actual totals may differ materially from the listed totals. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.   To the extent the Debtor is a guarantor of debt issued by a non-Debtor affiliate, the amounts reflected in these Schedules may include the Debtor's guarantee obligations.

k.   **Guarantees and Other Secondary Liability Claims**.   The Debtor has used commercially reasonable efforts to locate and identify guarantees and other secondary liability claims ("Guarantees") in their debt instruments and other

agreements.  Where such Guarantees have been identified, they have been included in the relevant Schedules of liabilities. The Debtor reserves the right but is not required, to amend, modify, or supplement the Schedules and Statements if additional Guarantees are identified.

l.       **Executory Contracts**.  Although the Debtor made diligent efforts to identify all executory contracts and unexpired leases to which the Debtor is the legal counterparty, there may be omissions.  Accordingly, the Debtor reserves the right but is not required, to amend, modify, or supplement Schedule G. Additionally, the inclusion of an agreement on Schedule G does not reflect any admission or decision by the Debtor as to whether or not such agreement is executory in nature.

m.      **Unliquidated Amounts**.  Claim amounts that could not be readily quantified by the Debtor are scheduled as "unliquidated."

n.      **Undetermined Amounts**.  The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

**Specific Schedules Disclosures**

Schedules A/B, D, E/F, G, and H may contain explanatory or qualifying notes that pertain to the information provided in the Schedules.  Those Schedule-specific notes are incorporated herein by reference.  Unless otherwise noted, the total assets set forth on the Schedules are derived from amounts included in the Debtor's books and records as of October 20, 2025.  To the extent there are unknown or undetermined amounts, the actual total may be different from the total listed.

**Part 1 –   Cash and Cash Equivalents**

**Schedule A/B 3 – Checking, Savings, or Other Financial Accounts, CDs, etc.** Schedule A/B 3 lists bank account balances at net book value as of the Petition Date.

**Part 4 –   Investments**

**Schedule A/B 15 – Investments**.  Schedule A/B 15 includes the Debtor's only direct subsidiary, Emergência Participações S.A., which is wholly owned by the Debtor. Subsidiaries owned indirectly by the Debtor are not included.  Values of the ownership interests in included in Schedule A/B 15 have been set forth at net book value.  The fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from its net book value.

**Part 11 –   All Other Assets**

**Schedule A/B 77 – Other Property of Any Kind**.  Schedule A/B 77 includes receivables owed to the Debtor by certain of its non-Debtor affiliates.  The values of such receivables have been set forth at net book value.  The fair market value and ultimate collection of such ownership is dependent on numerous variables and factors and may differ significantly from its net book value.  Schedule A/B 77 also includes a retainer for local

bankruptcy counsel in the chapter 11 case that was paid by Ambipar Topco on behalf of and for the benefit of the Debtor.

**Specific Notes Regarding Schedule D**

The Debtor does not have any secured debt obligations. A detailed description of the Debtor's capital structure is set forth in the First Day Declaration.

**Specific Notes Regarding Schedule E/F**

a.   **Part 1 – Creditors with Priority Unsecured Claims**.   The Debtor has not historically and does not now maintain records of any claims entitled to priority under the Bankruptcy Code in the ordinary course of business.  The exclusion of any claim on Schedule E/F does not constitute an admission by the Debtor that such claim is not entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtor reserves the right to dispute the amount and/or priority status of any claim on any basis at any time.

b.   **Part 2 – Creditors with Nonpriority Unsecured Claims**.  The liabilities identified in Schedule E/F, Part 2, are derived from the Debtor's books and records.  The Debtor made a reasonable attempt to set forth its unsecured obligations, although the actual amount of claims against the Debtor may vary from those liabilities represented in Schedule E/F, Part 2.  The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

In many cases, the claims set forth on Schedule E/F, Part 2, arose, accrued, or were incurred on various dates or on a date or dates that are unknown to the Debtor or are subject to dispute.  Where the determination of the date on which a claim arose, accrued, or was incurred would be unduly burdensome, costly, and inefficient, the Debtor has not listed a specific date or dates for such claim.  In addition, Schedule E/F, Part 2 does not include rejection damage claims of the counterparties to executory contracts and unexpired leases that may be rejected, if any, to the extent such damage claims exist. Further, certain accounting reserves relating to the potential exercise of warrants issued by the Company are not reflected in Schedule E/F.

**Specific Notes Regarding Schedule G**

While the Debtor's existing books, records, and financial systems have been relied upon to identify and schedule executory contracts, and although commercially reasonable efforts have been made to ensure the accuracy of Schedule G, errors, omissions, or over-inclusions may have occurred.  The Debtor does not make, and specifically disclaims, any representation or warranty as to the completeness or accuracy of the information set forth on Schedule G.  Schedule G may be amended, modified, or supplemented at any time to add any omitted Agreements.

The Debtor hereby reserves all of its rights to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G and to amend, modify, or supplement Schedule G as necessary.

The agreements set forth on Schedule G may have expired or may have been amended, modified, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be included in Schedule G.  Further, unless otherwise specified in Schedule G, each executory contract or unexpired lease included therein shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is included thereon.

Omission of a contract or agreement from Schedule G does not constitute an admission, concession, or stipulation that such omitted contract or agreement is not an executory contract or unexpired lease.  The Debtor's rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.  Likewise, the inclusion of an agreement in Schedule G does not constitute an admission, concession, or stipulation that such Agreement is an executory contract or unexpired lease or that such Agreement was in effect on the Petition Date or is valid or enforceable.

**Specific Notes Regarding Schedule H**

**Co-Debtors.**  The Debtor may not have identified certain guarantees that are embedded in the Debtor's executory contracts, unexpired leases, debt instruments, and other agreements, to the extent applicable.  Further, certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable.  Thus, the Debtor reserves all rights to amend Schedule H to the extent that additional guarantees are identified or such guarantees are discovered to have expired or become unenforceable.

**Specific Notes Regarding Statements**

a.    **Question 1 – Gross Revenue from Business; Question 2 – Non-Business Revenue**.  The values reflected in Statements Question 1 and Statements Question 2 reflect revenue through October 31, 2025, and are presented on an accrual basis, not a cash basis.

Non-business revenue in Statements Question 2 includes items such as interest income and equity earnings of investments.

b.    **Question 3 – Certain Payments or Transfers to Creditors Within 90 Days Before Filing this Case**.  The payments disclosed in Statements Question 3 are based on payments made by the Debtor with payment dates from July 22, 2025, through October 20, 2025.  Prepetition amounts still owed to creditors will appear on the Schedules, as applicable.

The response to Statements Question 3 excludes payments set forth on Statement 4.

c.    **Question 4 – Payments or Transfers to Insiders**.  The information reported on Statements Question 4 is representative of the payments made to insiders during the one year prior to the Petition Date.  For the avoidance of doubt, Statements Question 4 may include payments to individuals who may have been insiders at the time they were employed by the Company but are no longer employed by the Company.

d.    **Question 11 – Payments Related to Bankruptcy**.  All payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date, to the extent related to the Debtor, were paid in full by Ambipar Topco or other non-Debtor affiliates prior to the Petition Date.

e.    **Question 16 – Personally Identifiable Information**.  The Debtor collects a limited amount of information from individuals in the ordinary course of business.  The applicable privacy policy of Ambipar Group is available at https://ambipar.com/uk/privacy-policy/.

f.    **Question 25 – Other Businesses in which the Debtor Has or Has Had an Interest**.  The Debtor's response to Statements Question 25 includes legal entities (including operating businesses) in which the Debtor currently has or historically has had a direct interest.

g.    **Question 26 – Books, Records, and Financial Statements**.  From time to time, the Debtor may provide certain parties such as banks, auditors, potential investors, vendors, and financial advisors with financial statements.   The Debtor does not maintain detailed records tracking such disclosures, and so such parties are not included in Statements Question 26.  Additionally, disclosures and filings with the U.S. Securities and Exchange Commission are not included in Statements Question 26.

h.    **Question 30 – Payments, Distributions, or Withdrawals Credited or Given to Insiders**.  Refer to the Methodology section and Statements Question 4, above, regarding all payments to insiders.

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtor Name: In re : Ambipar Emergency Response

United States Bankruptcy Court for the: Southern District of Texas

Case number (if known): 25-90524 (ARP)

☐ Check if this is an
amended filing

## Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

**12/15**

---

**Part 1:**  **Summary of Assets**

---

1. **Schedule A/B: Assets–Real and Personal Property** (Official Form 206A/B)

    1a. **Real property:**

      Copy line 88 from *Schedule A/B* ...........................................................................................

$            0.00

    1b. **Total personal property:**

      Copy line 91A from *Schedule A/B* .........................................................................................

$     225,591,507.09

    1c. **Total of all property:**

      Copy line 92 from *Schedule A/B* ...........................................................................................

$     225,591,507.09

---

**Part 2:**  **Summary of Liabilities**

---

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)

    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D* .....................................

$            0.00

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**

      Copy the total claims from Part 1 from line 5a of *Schedule E/F* ......................................................

$            0.00

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**

      Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* .................................

+ $     304,000,000.00

4. **Total liabilities**

    Lines 2 + 3a + 3b .....................................................................................................

$     304,000,000.00

**Fill in this information to identify the case:**

Debtor Name: In re : Ambipar Emergency Response

United States Bankruptcy Court for the: Southern District of Texas

Case number (if known): 25-90524 (ARP)

☐ Check if this is an amended filing

## Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property 12/15

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

---

**Part 1:    Cash and cash equivalents**

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.
   ☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2. **Cash on hand**

   2.1 None | $ _____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1 JP Morgan Chase Bank | Checking | 7603 | $ 1,000.00 |

4. **Other cash equivalents** *(Identify all)*

   4.1 None | $ _____

5. **Total of Part 1**

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80. | $ 1,000.00

Debtor:  Ambipar Emergency Response

Case number *(if known):*  25-90524

Name

---

**Part 2:**  **Deposits and prepayments**

6.  **Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.

☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

7.  **Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

$ _____

8.  **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

$ _____

9.  **Total of Part 2.**

Add lines 7 through 8. Copy the total to line 81.

$ _____ 0.00

---

Debtor: Ambipar Emergency Response
Name

Case number *(if known)*: 25-90524

---

| Part 3: | Accounts receivable |

10. **Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

**Current value of debtor's interest**

11. **Accounts receivable**

|  | Description | face amount | doubtful or uncollectible accounts | | |
|---|---|---|---|---|---|
| 11a. 90 days old or less: | _____ | $ _____ | - $ _____ | =..... ➜ | $ _____ |
| 11b. Over 90 days old: | _____ | $ _____ | - $ _____ | =..... ➜ | $ _____ |

12. **Total of Part 3.**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

$ _____ 0.00

Debtor: Ambipar Emergency Response

Name

Case number *(if known)*: 25-90524

| Part 4: | Investments |
|---|---|

13. **Does the debtor own any investments?**

☐ No. Go to Part 5.

☑ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

| | | |
|---|---|---|
| 14.1 None | | $ |

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:                                    % of ownership:

| | | | |
|---|---|---|---|
| 15.1 Emergência Participações S.A. | 100% | Book Value | $ 164,972,000.00 |

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

| | | |
|---|---|---|
| 16.1 None | | $ |

17. **Total of Part 4.**

Add lines 14 through 16. Copy the total to line 83.

| | |
|---|---|
| | $ 164,972,000.00 |

| Debtor: | Ambipar Emergency Response | Case number *(if known)*: | 25-90524 |
|---|---|---|---|
| | Name | | |

| **Part 5:** | **Inventory, excluding agriculture assets** |
|---|---|

18. **Does the debtor own any inventory (excluding agriculture assets)?**
    - ☒ No. Go to Part 6.
    - ☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** | | $ | | $ |
| 20. **Work in progress** | | $ | | $ |
| 21. **Finished goods, including goods held for resale** | | $ | | $ |
| 22. **Other inventory or supplies** | | $ | | $ |

23. **Total of Part 5.**
    Add lines 19 through 22. Copy the total to line 84.

    $ _____ 0.00

24. **Is any of the property listed in Part 5 perishable?**
    - ☐ No
    - ☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
    - ☐ No
    - ☐ Yes.  Description_____  Book value $ _____  Valuation method _____  Current value $ _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
    - ☐ No
    - ☐ Yes

| Debtor: | Ambipar Emergency Response | Case number *(if known)* | 25-90524 |
|---|---|---|---|
| | Name | | |

| **Part 6:** | **Farming and fishing-related assets (other than titled motor vehicles and land)** |
|---|---|

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | $ | | $ |
| **29. Farm animals** *Examples:* Livestock, poultry, farm-raised fish | $ | | $ |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | $ | | $ |
| **31. Farm and fishing supplies, chemicals, and feed** | $ | | $ |
| **32. Other farming and fishing-related property not already listed in Part 6** | $ | | $ |
| **33. Total of Part 6.** Add lines 28 through 32. Copy the total to line 85. | | | $ 0.00 |

**34. Is the debtor a member of an agricultural cooperative?**

☐ No
☐ Yes. Is any of the debtor's property stored at the cooperative?
  ☐ No
  ☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No
☐ Yes.  Description_____  Book value $ _____  Valuation method _____  Current value $ _____

**36. Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No
☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No
☐ Yes

| Debtor: | Ambipar Emergency Response | Case number *(if known):* | 25-90524 |
| | Name | | |

## Part 7:   Office furniture, fixtures, and equipment; and collectibles

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | $ | | $ |
| 40. **Office fixtures** | $ | | $ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | $ | | $ |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings,prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | $ | | $ |

43. **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86.

| | |
|---|---|
| $ | 0.00 |

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor: Ambipar Emergency Response
_____
Name

Case number (if known): 25-90524

---

**Part 8:    Machinery, equipment, and vehicles**

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**
    - ☑ No. Go to Part 9.
    - ☐ Yes. Fill in the information below.

| General description<br><br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| _____ | $ _____ | _____ | $ _____ |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| _____ | $ _____ | _____ | $ _____ |
| **49. Aircraft and accessories** | | | |
| _____ | $ _____ | _____ | $ _____ |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| _____ | $ _____ | _____ | $ _____ |

51. **Total of Part 8.**

    Add lines 47 through 50. Copy the total to line 87.

    $ _____ 0.00

52. **Is a depreciation schedule available for any of the property listed in Part 8?**
    - ☐ No
    - ☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
    - ☐ No
    - ☐ Yes

Debtor: Ambipar Emergency Response
Name

Case number *(if known):* 25-90524

## Part 9:   Real property

54. **Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br><br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 _____ | _____ | $ _____ | _____ | $ _____ |

56. **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$ _____ 0.00

57. **Is a depreciation schedule available for any of the property listed in Part 9?`**

☐ No

☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor: Ambipar Emergency Response

Name

Case number *(if known):* 25-90524

---

**Part 10:**  **Intangibles and intellectual property**

59. **Does the debtor have any interests in intangibles or intellectual property?**
☒ No. Go to Part 11.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | $ | | $ |
| 61. **Internet domain names and websites** | $ | | $ |
| 62. **Licenses, franchises, and royalties** | $ | | $ |
| 63. **Customer lists, mailing lists, or other compilations** | $ | | $ |
| 64. **Other intangibles, or intellectual property** | $ | | $ |
| 65. **Goodwill** | $ | | $ |

66. **Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$ _____ 0.00

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**
☐ No
☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
☐ No
☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
☐ No
☐ Yes

---

Debtor: Ambipar Emergency Response

Name

Case number *(if known)*: 25-90524

| **Part 11:** | **All other assets** |

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.

☑ Yes. Fill in the information below.

**Current value of debtor's interest**

71. **Notes receivable**

Description (include name of obligor)          Total face amount          doubtful or uncollectible accounts

71.1 None          $ _____ - $ _____ =..... ➔ $ _____

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

72.1 None          Tax year          $ _____

73. **Interests in insurance policies or annuities**

73.1 None          $ _____

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

74.1 None          $ _____

Nature of claim          _____

Amount requested          $ _____

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

75.1 None          $ _____

Nature of claim          _____

Amount requested          $ _____

76. **Trusts, equitable or future interests in property**

76.1 None          $ _____

77. **Other property of any kind not already listed** *Examples*: Season tickets, country club membership

| | | |
|---|---|---|
| 77.1 Dividend Receivable | $ | 2,925,000.00 |
| 77.2 Intercompany Receivable from Ambipar Holding Canada | $ | 12,713,949.18 |
| 77.3 Intercompany Receivable from Ambipar Holding USA Inc. | $ | 9,725,111.00 |
| 77.4 Intercompany Receivable from Ambipar Holdings UK Limited | $ | 3,188,517.96 |
| 77.5 Intercompany Receivable from Ambipar Response EMS Inc | $ | 296,840.00 |
| 77.6 Intercompany Receivable from Emergência Participações | $ | 31,694,088.95 |
| 77.7 Local Bankruptcy Counsel Retainer | $ | 75,000.00 |

Debtor:  Ambipar Emergency Response

Name

Case number *(if known):*  25-90524

78. **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.

$ _____ 60,618,507.09

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☒ No

☐ Yes

Debtor: Ambipar Emergency Response
_____
Name

Case number *(if known):* 25-90524

## Part 12: Summary

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 1,000.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ 164,972,000.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*............................➔ | | $ 0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | $ 60,618,507.09 | |
| 91. **Total.** Add lines 80 through 90 for each column..............................91a. | $ 225,591,507.09 | + 91b. $ 0.00 |
| 92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ............................................................................ | | $ 225,591,507.09 |

**Fill in this information to identify the case:**

Debtor Name: In re : Ambipar Emergency Response

United States Bankruptcy Court for the: Southern District of Texas

Case number (if known): 25-90524 (ARP)

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible.**

1. **Do any creditors have claims secured by debtor's property?**

   ☑ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

   ☐ Yes. Fill in all of the information below.

**Part 1:**     List Creditors Who Have Secured Claims

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | *Column A* **Amount of claim** Do not deduct the value of collateral. | *Column B* **Value of collateral that supports this claim** |
|---|---|---|

2.1 **Creditor's name**

Describe debtor's property that is subject to a lien

$ _____   $ _____

Creditor's Name

**Creditor's mailing address**

**Describe the lien**

Notice Name

Street

**Is the creditor an insider or related party?**

☐ No

☐ Yes

City    State    ZIP Code

Country

**Is anyone else liable on this claim?**

**Creditor's email address, if known**

☐ No

☐ Yes. Fill out *Schedule H: Codebtors* (*Official Form 206H*).

**Date debt was incurred**

**As of the petition filing date, the claim is:**

**Last 4 digits of account number**

Check all that apply.

☐ Contingent

☐ Unliquidated

**Do multiple creditors have an interest in the same property?**

☐ Disputed

☐ No

☐ Yes. Have you already specified the relative priority?

    ☐ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

$ _____

**Part 2:**   List Others to Be Notified for a Debt Already Listed in Part 1

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | Line _____ | _____ |
| Name | | |
| Notice Name | | |
| Street | | |
| | | |
| | | |
| City                    State                    ZIP Code | | |
| Country | | |

**Fill in this information to identify the case:**

Debtor Name: In re : Ambipar Emergency Response

United States Bankruptcy Court for the: Southern District of Texas

Case number (if known): 25-90524 (ARP)

☐ Check if this is an amended filing

Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims                     12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:** List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).**

☑ No. Go to Part 2.

☐ Yes. Go to Line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | Total claim | Priority amount |
|---|---|---|

2.1 **Priority creditor's name and mailing address**

As of the petition filing date, the claim is: $ _____   $ _____
*Check all that apply.*

Creditor Name

☐ Contingent

Creditor's Notice name

☐ Unliquidated

☐ Disputed

Address

**Basis for the claim:**

City    State    ZIP Code

Country

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☐ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ()

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | Amount of claim |
|---|---|---|

**3.1 Nonpriority creditor's name and mailing address**

Deutsche Bank S.A. - Banco Alemao
Creditor Name

Creditor's Notice name

Avenisa Faria Lima, 3,900
Address

13th Floor

Sao Paulo | | 04-538-132
City | State | ZIP Code

Brazil
Country

**Date or dates debt was incurred**

Various

**Last 4 digits of account**

**number**

**As of the petition filing date, the claim is:** $ _____ Undetermined
*Check all that apply.*

☒ Contingent

☒ Unliquidated

☒ Disputed

**Basis for the claim:**

Swap Provider

**Is the claim subject to offset?**

☒ No

☐ Yes

**3.2 Nonpriority creditor's name and mailing address**

The Bank of New York Mellon, as IndentureTrustee of Green Bonds due 2031
Creditor Name

Creditor's Notice name

240 Greenwich Street, Floor 2
Address

New York | NY | 10286
City | State | ZIP Code

Country

**Date or dates debt was incurred**

2/6/2024

**Last 4 digits of account**

**number**

**As of the petition filing date, the claim is:** $ 200,000,000.00
*Check all that apply.*

☒ Contingent

☒ Unliquidated

☐ Disputed

**Basis for the claim:**

Limited Guarantee 2031 Green Notes

**Is the claim subject to offset?**

☒ No

☐ Yes

Debtor: Ambipar Emergency Response

Name

Case number *(if known)*    25-90524

3.3 **Nonpriority creditor's name and mailing address**

The Bank of New York Mellon, as IndentureTrustee of Green Bonds due 2033

Creditor Name

Creditor's Notice name

240 Greenwich Street, Floor 2

Address

| New York | NY | 10286 |
|----------|-----|----------|
| City | State | ZIP Code |

Country

**Date or dates debt was incurred**

2/5/2025

**Last 4 digits of account**

**number**

**As of the petition filing date, the claim is:**   $   104,000,000.00

*Check all that apply.*

☑ Contingent

☑ Unliquidated

☐ Disputed

**Basis for the claim:**

Limited Guarantee 2033 Green Notes

**Is the claim subject to offset?**

☑ No

☐ Yes

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---|---|

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.**
   **If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| | Line | |
| Name | ☐  Not Listed.Explain | |
| Notice Name | | |
| Street | | |
| | | |
| | | |
| City            State            ZIP Code | | |
| Country | | |

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

5. **Add the amounts of priority and nonpriority unsecured claims.**

| | | | Total of claim amounts |
|---|---|---|---|
| 5a. | **Total claims from Part 1** | 5a. | $ 0.00 |
| 5b. | **Total claims from Part 2** | 5b. + | $ 304,000,000.00 |
| 5c. | **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ 304,000,000.00 |

**Fill in this information to identify the case:**

Debtor Name: In re : Ambipar Emergency Response

United States Bankruptcy Court for the: Southern District of Texas

Case number (if known): 25-90524 (ARP)

☐ Check if this is an amended filing

## Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases          12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

   ☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. | List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|---|
| 2.1 | State what the contract or lease is for and the nature of the debtor's interest | Business Combination Agreement | Ambipar Participações e Empreendimentos S.A.<br>*Name* |
| | | | *Notice Name* |
| | State the term remaining | Unknown | Avenida Pacaembu, 1088<br>*Address* |
| | List the contract number of any government contract | | Room 09, Pacaembu |
| | | | São Paulo *City*   *State*   01234-000 *ZIP Code* |
| | | | SP Brazil<br>*Country* |
| 2.2 | State what the contract or lease is for and the nature of the debtor's interest | Legal Services | Carey Olsen Cayman Limited<br>*Name* |
| | | | *Notice Name* |
| | State the term remaining | Unknown | Pavilion East Cricket Square<br>*Address* |
| | List the contract number of any government contract | | 205 Elgin Ave |
| | | | George Town *City*   *State*   KY1-10001 *ZIP Code* |
| | | | Grand Cayman<br>*Country* |

Debtor: Ambipar Emergency Response
Name

Case number *(if known):* 25-90524

**2.3 State what the contract or lease is for and the nature of the debtor's interest**

Warrant Agreement

Continental Stock Transfer & Trust Company
Name

Compliance Department
Notice Name

**State the term remaining**  Unknown

One State Street, 30th Floor
Address

**List the contract number of any government contract**

| New York | NY | 10004 |
|---|---|---|
| City | State | ZIP Code |

Country

**2.4 State what the contract or lease is for and the nature of the debtor's interest**

Business Combination Agreement

Emergência Participações S.A.
Name

Luciana Freire Barca Nascimento; Alessandra Bessa Alves de Melo
Notice Name

**State the term remaining**  Unknown

Avenida Angélica, nº 2346
Address

**List the contract number of any government contract**

5th floor, room 4, Consolação,

| São Paulo | | 01228-200 |
|---|---|---|
| City | State | ZIP Code |

SP Brazil
Country

**2.5 State what the contract or lease is for and the nature of the debtor's interest**

Investor Rights Agreement

HPX Capital Partners
Name

Notice Name

**State the term remaining**  Unknown

1000 N. West Street
Address

**List the contract number of any government contract**

Suite 1200

| Wilmington | DE | 19801 |
|---|---|---|
| City | State | ZIP Code |

Country

Debtor: Ambipar Emergency Response

Name

Case number *(if known)*: 25-90524

| 2.6 | **State what the contract or lease is for and the nature of the debtor's interest** | Banking Agreement | JPMorgan Chase Bank, N.A. |
| | | | Name |
| | | | Colleen Solomon |
| | | | Notice Name |
| | **State the term remaining** | Unknown | 4 New York Plaza Floor 13 |
| | | | Address |
| | **List the contract number of any government contract** | | |
| | | | New York · NY · 10004 |
| | | | City / State / ZIP Code |
| | | | Country |

| 2.7 | **State what the contract or lease is for and the nature of the debtor's interest** | Director Agreement | Marco Zanini |
| | | | Name |
| | | | Notice Name |
| | **State the term remaining** | Unknown | Av. Angélica, 2346, 5th floor |
| | | | Address |
| | | | Consolação |
| | **List the contract number of any government contract** | | |
| | | | São Paulo · · 01.228-200 |
| | | | City / State / ZIP Code |
| | | | Brazil |
| | | | Country |

| 2.8 | **State what the contract or lease is for and the nature of the debtor's interest** | Investor Rights Agreement | Opportunity Agro Fundo de Investimento em Participações Multiestratégia Investimento no Exterior |
| | | | Name |
| | | | Notice Name |
| | **State the term remaining** | Unknown | Rua Visconde de Pirajá 351 |
| | | | Address |
| | | | 14th floor (part) |
| | **List the contract number of any government contract** | | |
| | | | Ipanema |
| | | | Rio de Janeiro · · 22410-906 |
| | | | City / State / ZIP Code |
| | | | Brazil |
| | | | Country |

<table>
<tr><td><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtor Name: In re : Ambipar Emergency Response

United States Bankruptcy Court for the: Southern District of Texas

Case number (if known): 25-90524 (ARP)

☐ Check if this is an amended filing

## Official Form 206H

# Schedule H: Codebtors

12/15

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

1. **Does the debtor have any codebtors?**

   ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ☑ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G.* Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.**

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.1  Ambipar Lux S.à.r.l | Rod Anhanguera, Sn, Distrito Industrial<br>Street | The Bank of New York Mellon, as Indenture Trustee of Green Bonds due 2031 | ☐ D<br><br>☑ E/F<br><br>☐ G |
| | Nova Odessa          SP          13.388-220<br>City            State          ZIP Code<br>Brazil<br>Country | | |
| 2.2  Ambipar Lux S.à.r.l | Rod Anhanguera, Sn, Distrito Industrial<br>Street | The Bank of New York Mellon, as Indenture Trustee of Green Bonds Due 2033 | ☐ D<br><br>☑ E/F<br><br>☐ G |
| | Nova Odessa          SP          13.388-220<br>City            State          ZIP Code<br>Brazil<br>Country | | |

Debtor:  Ambipar Emergency Response

Name

Case number *(if known)*    25-90524

| 2.3 | Ambipar Participações e Empreendimentos S.A. | Av Pacaembu, 1088, Pacaembu | | Deutsche Bank S.A. - Banco Alemao | ☐ D |
| | | Street | | | ☑ E/F |
| | | | | | ☐ G |
| | | Sao Paulo | SP | 01.234-000 | |
| | | City | State | ZIP Code | |
| | | Brazil | | | |
| | | Country | | | |

| 2.4 | Ambipar Participações e Empreendimentos S.A. | Av Pacaembu, 1088, Pacaembu | | The Bank of New York Mellon, as Indenture Trustee of Green Bonds due 2031 | ☐ D |
| | | Street | | | ☑ E/F |
| | | | | | ☐ G |
| | | Sao Paulo | SP | 01.234-000 | |
| | | City | State | ZIP Code | |
| | | Brazil | | | |
| | | Country | | | |

| 2.5 | Ambipar Participações e Empreendimentos S.A. | Av Pacaembu, 1088, Pacaembu | | The Bank of New York Mellon, as Indenture Trustee of Green Bonds Due 2033 | ☐ D |
| | | Street | | | ☑ E/F |
| | | | | | ☐ G |
| | | Sao Paulo | SP | 01.234-000 | |
| | | City | State | ZIP Code | |
| | | Brazil | | | |
| | | Country | | | |

| 2.6 | Environmental ESG Participações S.A. | Avenida Angelica, 2346, Consolacao | | Deutsche Bank S.A. - Banco Alemao | ☐ D |
| | | Street | | | ☑ E/F |
| | | | | | ☐ G |
| | | Sao Paulo | SP | 01.228-200 | |
| | | City | State | ZIP Code | |
| | | Brazil | | | |
| | | Country | | | |

Debtor: Ambipar Emergency Response
Name

Case number *(if known)*:   25-90524

| 2.7 | Environmental ESG Participações S.A. | Avenida Angelica, 2346, Consolacao | | | The Bank of New York Mellon, as Indenture Trustee of Green Bonds due 2031 | ☐ D |
|---|---|---|---|---|---|---|
| | | Street | | | | ☑ E/F |
| | | | | | | ☐ G |
| | | Sao Paulo | SP | 01.228-200 | | |
| | | City | State | ZIP Code | | |
| | | Brazil | | | | |
| | | Country | | | | |

| 2.8 | Environmental ESG Participações S.A. | Avenida Angelica, 2346, Consolacao | | | The Bank of New York Mellon, as Indenture Trustee of Green Bonds Due 2033 | ☐ D |
|---|---|---|---|---|---|---|
| | | Street | | | | ☑ E/F |
| | | | | | | ☐ G |
| | | Sao Paulo | SP | 01.228-200 | | |
| | | City | State | ZIP Code | | |
| | | Brazil | | | | |
| | | Country | | | | |

Fill in this information to identify the case:

Debtor Name: In re : Ambipar Emergency Response

United States Bankruptcy Court for the: Southern District of Texas

Case number (if known): 25-90524 (ARP)

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  12/04/2025
             _____
             MM / DD / YYYY

✖ / s / Thiago da Costa Silva
_____
Signature of individual signing on behalf of debtor

Thiago da Costa Silva
_____
Printed name

Director
_____
Position or relationship to debtor