**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) )  Chapter 11 |
| | ) |
| AMBIPAR EMERGENCY RESPONSE, | )  Case No. 25-90524 (ARP) |
| | ) |
| Debtor.[1] | )  Re: Docket No. 206 |
| | ) |

**DEBTOR'S OBJECTION TO**
**EMERGENCY CONSIDERATION OF AD HOC**
**GROUP OF FINANCIAL CREDITORS' EMERGENCY MOTION**
**TO PERMIT FILING OF PROOFS OF CLAIM AFTER BAR DATE**

Ambipar Emergency Response, the above-captioned debtor and debtor in possession (the "Debtor"), files this objection (this "Scheduling Objection") to emergency consideration of the Late Claims Motion,[2] and respectfully represents as follows:[3]

**Objection to Emergency Consideration**

1.      The Bank Group requests an emergency hearing after a delay of its own creation and with no imminent deadline that requires urgent relief.  The Bank Group acknowledges that it was informed the claims of its members were barred on May 11, but did not file and serve its Late Claims Motion until 9:43 p.m. (Central Time) on May 22, **eleven days later**.  The Bank Group seeks a hearing on its Late Claims Motion in just nine days, three of which fall over a holiday weekend.  The Debtor has not yet filed a plan, let alone set an objection deadline for confirmation.

---

[1] The last four digits of the Debtor's taxpayer identification number are 0263. The Debtor's address is 2346 Avenida Angelica, 5th Floor, São Paulo, SP, 01228-200, Brazil.

[2] *Ad Hoc Group of Financial Creditor's Emergency Motion to Permit Filing of Proofs of Claim After the Bar Date* [Docket No. 206] (the "Late Claims Motion").

[3] Capitalized terms not defined in this Scheduling Objection shall have the meaning given to such terms in the Late Claims Motion.

The Late Claims Motion is a transparent litigation tactic—a disguised, premature plan objection designed to force the Court to rule on the basis of an incomplete record.

2.      Application of the *Pioneer*[4] factors to a late-filed claim is inherently fact-intensive. In the Late Claims Motion, the Bank Group[5] spins one version of the facts that would justify its members' failure to timely assert their claims.  The Debtor believes that development of a full record will reveal a different narrative.  Specifically, the Debtor believes that the members of the Bank Group, some of the largest and most sophisticated financial institutions in South America, had actual notice of this proceeding, were fully aware of the consequences of non-participation, and elected not to participate for tactical litigation reasons.  The Debtor and other parties-in-interest relied on their lack of participation.  Now, the members of the Bank Group seek a litigation advantage with their surprise, last-minute claims.  The Debtor expects to develop and adduce evidence—including through depositions of key personnel of the members of the Bank Group— regarding whether, as required by *Pioneer*, the members of the Bank Group have acted in "good faith" and whether their late claims actually result from circumstances outside their control.

3.      The Late Claims Motion also raises complex issues of both U.S. and Brazilian law, which can hardly be adequately briefed before the requested June 1 "emergency" hearing date. The Debtor expects to dispute the Bank Group's characterization of the implications of a preliminary substantive consolidation order under Brazilian law and should have the necessary time to provide the Court with fulsome testimony from its Brazilian law expert.  Further, once the Court makes findings regarding these disputed principles of Brazilian law, those findings will need

---

[4] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993).

[5] The "Bank Group" means the Ad Hoc Group of Financial Creditors that filed the Late Claims Motion.

to be applied under U.S. bankruptcy law, a novel question which even the Bank Group acknowledges will be subject to "dispute". Late Claims Motion ¶ 21.

4.     Finally, the Bank Group seeks litigation advantage at the expense of other theoretical creditors of the Debtor. If the Bank Group is correct, and the U.S. court has jurisdiction over all assets and liabilities of the Ambipar Group (including at entities with no nexus to the United States), hundreds—if not thousands—of similarly situated creditors in Brazil may also be entitled to notice and the opportunity to participate in the U.S. case.

5.     In short, because there is no exigency, and because Late Claims Motion will require an evidentiary hearing and raises complex and novel questions of Brazilian and U.S. law, shortened notice and an emergency hearing are particularly inappropriate.[6]

6.     While the Debtor strongly objects to the Bank Group's litigation tactics and delay, the Debtor acknowledges that the issues the group has raised are effectively plan objections, and will need to be resolved prior to confirmation of a chapter 11 plan. Accordingly, the Debtor respectfully proposes that the Late Claims Motion be heard at the beginning of the confirmation hearing alongside any plan or disclosure statement objection filed by the Bank Group. This will allow the parties to efficiently consolidate all disputes regarding the Brazilian substantive consolidation order and a chapter 11 plan into a single evidentiary hearing. It will also permit other potential parties-in-interest who could be affected by the adjudication of such disputes to appear and be heard. Pending adjudication of the Late Claims Motion, the Debtor will provisionally add the Bank Group to the Master Service List in this chapter 11 case.

---

[6] More than 250 pages of exhibits are attached to the Late Claims Motion, belying any argument that resolution of the Late Claims Motion will be simple and can be accomplished on an expedited basis.

4900-9237-9311

## Reservation of Rights

7.      This Scheduling Objection is limited to the question of emergency consideration of the Late Claims Motion, and is not a comprehensive objection to the relief sought therein.  As such, it does not purport to correct the numerous inaccuracies in the Late Claims Motion or raise all potential arguments or defenses of the Debtor or other parties.  The Debtor therefore reserves all rights with respect to the Late Claims Motion, and intends to file a fulsome and substantive objection thereto prior to any objection deadline that may be set.

## Conclusion

8.      For the foregoing reasons, the Debtor respectfully requests that the Court decline to hear the Late Claims Motion on an emergency basis.

[*Remainder of page intentionally left blank*]

4

4900-9237-9311

Respectfully submitted this 23rd day of May, 2026.

**GRAY REED**

By: */s/ Jason S. Brookner*
    Jason S. Brookner (Texas Bar No. 24033684)
    Lydia R. Webb (Texas Bar No. 24083758)
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone:  (713) 986-7000
Facsimile:  (713) 986-7100
Email:       jbrookner@grayreed.com
           lwebb@grayreed.com

- and -

**SIMPSON THACHER & BARTLETT LLP**
    David R. Zylberberg (admitted *pro hac vice*)
    Nicholas E. Baker (admitted *pro hac vice*)
    Moshe A. Fink (admitted *pro hac vice*)
    Rachael L. Foust (admitted *pro hac vice*)
    Zachary J. Weiner (admitted *pro hac vice*)
425 Lexington Avenue
New York, New York 10016
Telephone:  (212) 455-2000
Facsimile:  (212) 455-2502
Email:       david.zylberberg@stblaw.com
           nbaker@stblaw.com
           moshe.fink@stblaw.com
           rachael.foust@stblaw.com
           zachary.weiner@stblaw.com

**COUNSEL TO THE DEBTOR**

4900-9237-9311

**Certificate of Service**

The undersigned hereby certifies that on the 23rd day of May, 2026, he caused a true and correct copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Jason S. Brookner*
Jason S. Brookner

6

4900-9237-9311