**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Ambipar Emergency Response,[1] | Case No. 25-90524 (ARP) |
| Debtor. | |

**DEBTOR'S SUPPLEMENTAL OPPOSITION TO OPPORTUNITY'S EMERGENCY**
**MOTION TO COMPEL DOCUMENTS BY THE DEBTOR PURSUANT TO**
**FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

Ambipar Emergency Response (the "Debtor") respectfully submits this Supplemental

Opposition to Opportunity Dinâmico Fundo de Investimento em Participações Multiestratégia

Responsabilidade Limitada's ("Opportunity") Emergency Motion to Compel Production of

Documents by the Debtor Pursuant to Federal Rule of Bankruptcy Procedure 2004 [Docket No.

230] (the "Motion").

---

[1] The last four digits of Debtor's taxpayer identification number are 0263.  The Debtor's address is P.O. Box 10008, Willow House, Cricket Square, Grand Cayman, KY1-1001, Cayman Islands.  The Debtor's service address in this chapter 11 case is Avenida Angelica, no. 2346, 5th floor, Sao Paulo, SP 01228-200, Brazil.

## PRELIMINARY STATEMENT

1.       On July 9, 2026, the Debtor filed a *Motion to Suspend the Chapter 11 Case* [ECF 254] filed July 9, 2026 (the "Suspension Motion"), in favor of a Chapter 15 case styled *In re: Ambipar Emergency Response, et al. Debtors in a Foreign Proceeding*, Case No. 26-90709 (the "Chapter 15 case").[2]  The Suspension Motion and Chapter 15 case effectively moot Opportunity's 2004 Motion and provide further ground to adjourn the hearing scheduled for July 13, 2026 and deny the Motion.[3]

2.       As discussed in the Suspension Motion, the Debtor entered into the RSA with certain members of the Ad Hoc Group holding 53.8% of the Green Notes and believes that, with the support of the Ad Hoc Group and certain other creditors, it has obtained the requisite creditor votes required under Brazilian law to confirm an agreed restructuring in the Brazil RJ Proceeding.[4] The proposed restructuring plan in the Brazil RJ Proceeding contemplates reinstating equity interests in the Debtor—including Opportunity's—such that Opportunity will suffer no prejudice whatsoever from the transition of this case into the Chapter 15 case.  As a Brazilian fund,

---

[2] The "Debtor's Motions" include, collectively, the Suspension Motion filed in this Chapter 11 case and the following motions filed in the Chapter 15 case: *Debtor's Chapter 15 Pet. for Recognition of a Foreign Proceeding* (July 9, 2026) [ECF 1]; *Mtn. for (I) Recognition of Foreign Main Proceeding, (II) In re Ambipar Emergency Response* (July 9, 2026) [ECF 2]; *Decl. of Gustavo Salgueiro Pursuant to 28 § 1746 in Support of the Mtn. for (1) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief under Chapter 15 of the Bankruptcy Code and Additional First Day Filings* (July 9, 2026) [ECF 3]; *Emergency Mtn. Pursuant to Fed. R. Bankr. P. 2002 and 9007 Requesting Entry of Order Scheduling Recognition Hearing and Specifying Form and Manner of Service of Notice* (July 9, 2026) [ECF 4]; *Emergency Mtn. for an Order Directing the Joint Administration of the Chapter 15 Cases of Ambipar Emergency Response and Its Debtor Affiliates Pursuant to 11 U.S.C. § 105(a) and Bankr. R. 1015(b)*, July 9, 2026 [ECF 5]; *Notice of Designation as Complex Case* (July 9, 2026) [ECF 6]; and *Decl. of Thiago da Costa Silva in Support of the Motion for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code and Additional First Day Filings*  (July 9, 2026) [ECF 7].

[3] The Debtor reached out to Opportunity's counsel via email on the morning of July 10, 2026, to seek Opportunity's position on adjournment of the July 13 hearing on Opportunity's Motion.  Opportunity declined to agree to adjourn the hearing.

[4] All capitalized defined terms herein, unless otherwise stated, have the same meaning as in the Debtor's initial *Opposition to Opportunity's Motion* [Docket No. 235].

2

Opportunity is equally well positioned, if not more so, to defend its interests in the Brazil RJ Proceeding as it is here.

3.      Now that this Chapter 11 case is or will imminently become inactive, no dispute remains for this Court to adjudicate, and Opportunity's Motion should be denied as moot.

## SUPPLEMENTAL RESPONSE

4.      The Brazil RJ Proceeding is the primary restructuring process for the Debtor and for the Ambipar enterprise more generally, and the Debtor anticipates it will be recognized by this Court as the foreign main proceeding for resolution of the Debtor's restructuring.  The Debtor also notes that the agreed restructuring contemplated by the RSA would reinstate all equity interests in the Debtor, including Opportunity's minority interest, leaving Opportunity unimpaired.

5.      This Court need not expend further resources refereeing discovery disputes between the Debtor and Opportunity under Rule 2004, nor force the Debtor to suffer further prejudice and accrue additional expense in response to Opportunity's improper, harassing use of discovery procedures.  Once this Court recognizes the Brazil RJ Proceeding as the foreign main proceeding in the Chapter 15 case, section 1520(a) provides that sections 361 and 362—including the automatic stay—apply with respect to the Debtor and its property within the United States, and the Chapter 11 case will be suspended and no Rule 2004 examination should be available.

6.      Under similar circumstances, bankruptcy courts have dismissed motions to compel discovery under Rule 2004 as moot.  For example, in *In re Smith*, 2026 Bankr. LEXIS 507, (Bankr. D. Vt. Feb. 27, 2026), the court denied as moot a liquidator's motion to compel production in response to its 2004 requests propounded upon the debtor after the debtor stipulated to dismissing its Chapter 13 bankruptcy case the day before an evidentiary hearing on the motion to compel was to be held.  The court reasoned that no dispute remained because "Rule 2004 is case-specific. The

purpose of the [2004] examination is to enable the trustee or parties in interest to discover the nature and extent of the bankruptcy estate, but the estate in this case ceased to exist when the case was dismissed." *Id.* at *8. Similarly here, the consolidation of all proceedings in Brazil encompasses the Debtor's estate, ceases its separate existence before this Court, and "leads the Parties to return to the pending [Brazil RJ] Proceeding, where Rule 2004 is expressly unavailable." *Id.* at *7.

7. Likewise, *In re Varig Logistica S.A.*, 2021 Bankr. LEXIS 2992 (Bankr. S.D. Fla. Oct. 29, 2021) involved a Brazilian entity involved in a Brazilian restructuring proceeding that attempted to obtain discovery under Rule 2004. Although the court's decision involves a complex fact pattern, the fundamental principle applied is clear: U.S. Bankruptcy Courts should exercise comity with and deference to Brazilian bankruptcy courts on issues central to the foreign proceeding. *Varig Logistica* therefore further supports the proposition that this Court should decline to adjudicate discovery disputes—much less compel production of vast swathes of documents at the Debtor's expense—that would interfere or conflict with the rights and obligations of the parties, and the jurisdiction of the court, in the Brazil RJ Proceeding.

8. The Court should deny or adjourn Opportunity's Motion to Compel and continue the hearing currently scheduled for Monday, July 13, 2026.

4

Respectfully submitted this 10th day of July, 2026.

**GRAY REED**

By: */s/ Jason S. Brookner*
    Jason S. Brookner
    Texas Bar No. 24033684
    Lydia R. Webb
    Texas Bar No. 24083758
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone:  (713) 986-7000
Facsimile:  (713) 986-7100
Email:      jbrookner@grayreed.com
           lwebb@grayreed.com

- and -

**SIMPSON THACHER & BARTLETT LLP**
    David R. Zylberberg (admitted *pro hac vice*)
    Nicholas E. Baker (admitted *pro hac vice*)
    Moshe A. Fink (admitted *pro hac vice*)
    Rachael L. Foust (admitted *pro hac vice*)
    Zachary J. Weiner (admitted *pro hac vice*)
425 Lexington Avenue
New York, New York 10016
Telephone:  (212) 455-2000
Facsimile:  (212) 455-2502
Email:      david.zylberberg@stblaw.com
           nbaker@stblaw.com
           moshe.fink@stblaw.com
           rachael.foust@stblaw.com
           zachary.weiner@stblaw.com

**COUNSEL TO DEBTOR**

## **CERTIFICATE OF SERVICE**

I certify that on July 10, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ Jason S. Brookner
Jason S. Brookner